# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA SELVEY, | ) 1:06cv0594 DLB |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S <br> ) MOTION TO DISMISS |
| v. | ) (Document 16) |
| MICHAEL J. ASTRUE, Commissioner <br> of Social Security, | ) |
| Defendant. | ) |

## BACKGROUND

Plaintiff Wanda Selvey ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed her application for disability insurance benefits on July 23, 2001, alleging disability due to rheumatoid arthritis since May 31, 1996. AR 69-72, 82-90. After being denied

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On October 2, 2006, the Honorable Oliver W. Wanger reassigned the case to the undersigned for all purposes.

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

both initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 55-58, 60-63, 64. On April 22, 2003, ALJ Ross held a hearing. AR 23-41. He denied benefits in a decision dated June 24, 2003. AR 9-17. The Appeals Council denied review on August 8, 2003. AR 4-6. Plaintiff appealed the decision to this Court and the parties stipulated to remand on October 14, 2004. AR 228-232.

Pursuant to the order of remand, the Appeals Council vacated the prior decision and remanded the case to the ALJ. AR 235. On December 14, 2005, ALJ Ross held a second hearing. AR 273-289. He again denied benefits on March 13, 2006. AR 209-219. On March 22, 2006, Plaintiff filed a request for review. AR 204, 206-207. The Appeals Council has not yet ruled on Plaintiff's request.

Plaintiff filed the instant action on May 12, 2006. On December 18, 2006, she filed her opening brief. Rather than opposing the brief on the merits, Defendant filed a motion to dismiss for failure to exhaust on January 22, 2007. Plaintiff opposed the motion on February 5, 2007.

## DISCUSSION

A.     Motion To Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, (1994). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the Court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts to support the claim to

entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence, either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

B.      Exhaustion Requirement

Section 405 governs judicial review of final decisions denying claims under Title XVI of the Social Security Act and provides in pertinent part:

> (g) Judicial Review. Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> (h) Finality of Commissioner's decision. . . . No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405.

As noted by the Commissioner, in claims arising under the Act, judicial review is permitted only in accordance with section 405(g). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1983). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Where a statute creates a right, including a right to sue, and provides a

special remedy, "that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919). As such, Section 405(g) is the exclusive jurisdictional basis for judicial review of cases arising under the Act.

Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Commissioner of Social Security made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The term "final decision" is undefined by the Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). 20 C.F.R. 404.900(a) outlines a four-step administrative review process before culmination in judicial review. "The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner], to assist in the original processing of the more than 7,600,000 claims filed annually with the Administration." *Sanders*, 430 U.S. at 102.

An initial determination is binding unless a claimant requests reconsideration.  20 C.F.R. § 404.905.  If the claimant proceeds to a hearing before an ALJ, the ALJ's decision is binding if a claimant does not seek Appeals Council review.  *See* 20 C.F.R. §§ 404.955 and 416.1455.  If a claimant seeks Appeals Council review, the Appeals Council may deny the request, making the ALJ's decision final, or review the case and make a decision.  20 C.F.R. §§ 404.967, 404.981. The Appeals Council's decision, or the ALJ's decision if the request for review is denied, is binding unless an action for federal district court review is filed within 60 days after receiving notice of the Appeals Council's action.  20 C.F.R. § 404.981; *see* 20 C.F.R. 422.210.  Under the regulations, a judicially reviewable final decision is available only if the claimant completes the administrative review process and receives either an Appeals Council decision or an Appeals Council notice that it denies a request to review the ALJ's decision.  20 C.F.R. §§ 404.981, 422.210.

C.   Analysis

Defendant contends that Plaintiff has failed to exhaust her administrative remedies because she filed exceptions to the ALJ's March 13, 2006, decision, but filed this action prior to receiving a response from the Appeals Council.  Based on this sequence of events, Defendant

argues that Plaintiff has failed to exhaust her administrative remedies to the point of obtaining a "final decision" from the Commissioner, and therefore depriving this Court of subject matter jurisdiction.

In support of its argument, Defendant cites 20 C.F.R. § 404.983, which allows the Appeals Council to either make a decision or remand the case back to an ALJ following a federal court remand.  20 C.F.R. § 404.984 governs Appeals Council review of an ALJ decision in a case remanded by a federal court, and provides as follows:

> a) General. In accordance with § 404.983, when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case. The Appeals Council may assume jurisdiction based on written exceptions to the decision of the administrative law judge which you file with the Appeals Council or based on its authority pursuant to paragraph (c) of this section. If the Appeals Council assumes jurisdiction of your case, any issues relating to your claim may be considered by the Appeals Council whether or not they were raised in the administrative proceedings leading to the final decision in your case or subsequently considered by the administrative law judge in the administrative proceedings following the court's remand order. The Appeals Council will either make a new, independent decision based on the entire record that will be the final decision of the Commissioner after remand or remand the case to an administrative law judge for further proceedings.

In this case, the Court remanded the action on October 14, 2004, and the action therefore falls within the purview of section 404.984.  The Appeals Council remanded the action to the ALJ, who again issued an unfavorable decision.  Plaintiff filed exceptions on March 22, 2006, and they have yet to be ruled upon.  Pursuant to section 404.984, then, Plaintiff has not yet received a final determination regarding her claim for benefits.  *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir.1989) (holding that there is no final decision until the Appeals Council either grants or denies review).  In the absence of a final decision as defined by the Commissioner, Plaintiff has failed to invoke this Court's jurisdiction.  *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) (claimant failed to exhaust administrative remedies in not participating in hearing before ALJ).

Plaintiff believes that she has met the exhaustion requirement by requesting review of her *first* ALJ denial dated June 24, 2003, and receiving a denial from the Appeals Council.  This argument, however, is foreclosed by 20 C.F.R. § 404.984.

Plaintiff next explains that her case was referred to her current counsel by Geoffrey Hayden, who represented Plaintiff at the administrative level. After the March 2006, denial, the file was forwarded to her current counsel's office without indication that exceptions had been filed. Citing *Johnson v. Shalala*, 2 F.3d 918 (9th Cir. 1993), Plaintiff argues that exhaustion is not a jurisdictional issue and can be waived by this Court.

Plaintiff is correct insofar as she contends that this Court can waive the exhaustion requirement. The Ninth Circuit has adopted a three-part test to determine whether exhaustion should be waived: "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993)).

As to the collaterality requirement, Plaintiff concedes that her claims are entirely dependent on her underlying claim for benefits and are therefore not collateral. Even so, she cites the Supreme Court's admonition against mechanical application of the factors and reminder that the decision should also be guided by the policies underlying the exhaustion requirement. *Johnson*, 2 F.3d at 922. While mechanical application is discouraged, the policies behind the exhaustion requirement do not weigh in favor of waiver in this case. "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Here, Plaintiff's claim for benefits is *exactly* the type of claim that, if the Court waived exhaustion, would result in premature interference with the Commissioner's procedures over issues for which it holds experience and expertise. *See Hironymous v. Bowen*, 800 F.2d 888 (9th Cir. 1986) (waiver would remove from the Secretary's consideration a substantive factor immediately relevant to claimant's underlying claim, and claimant's action is therefore "inextricably intertwined" with his claim for benefits).

As Defendant notes, Plaintiff's claim is not a constitutional challenge or other type of claim that would tend to be outside the realm of the Commissioner's expertise or experience. *See eg. Kildare,* 325 F.3d at 1083.

In support of the existence of irreparable harm, Plaintiff cites *Johnson* for the proposition that an economic hardship suffered while awaiting administrative review constitutes irreparable injury. She contends that she has been waiting since her July 15, 2001, application for resolution of her claims, and that to dismiss this case now would only delay the administration of justice and painful wait for benefits. Indeed, economic hardship constitutes irreparable harm when, for example, "back payments cannot 'erase either the experience or the entire effect of several months without food, shelter or other necessities.'" *Briggs v. Sullivan*, 886 F.2d 1132, 1140 (9th Cir. 1989); *Kildare*, 32 F.3d at 1083 (finding irreparable harm based on economic hardship where plaintiffs showed subsistence on General Assistance and food stamps, lack of medical insurance, and homelessness). Other than a conclusory statement, Plaintiff makes no allegations of economic hardship.

Nor does Plaintiff demonstrate futility, despite her argument that she has availed herself of the administrative process numerous times to no avail. Application of the futility requirement is guided by policies underlying the exhaustion requirement. *Bowen v. City of New York*, 476 U.S. 467, 484 (1986). Where administrative review can fix alleged errors, purposes of exhaustion would not be served by waiver of the requirement. *Kildare*, 325 F.3d 1084; *see also RoAne v. Mathews*, 538 F.2d 852, 854 (9th Cir. 1976) ("The purpose of exhaustion of remedies is to permit the agency to function efficiently, to afford it an opportunity to correct its own errors, to give the court the benefit of agency experience, and to compile a record that is adequate for judicial review.") The Court understands Plaintiff's frustration with the length of time that has passed while she awaits benefits, but this is not the type of case where exhaustion would be futile. Futility is most often found when an agency applies a "systemwide policy that is inconsistent in critically important ways with established regulations" and "nothing is gained from 'permitting the compilation of a detailed factual record, or from agency expertise." *Johnson*, 2 F.3d at 922 (citing *City of New York*, 476 U.S. at 485); *Kildare*, 325 F.3d at 1084,

*Briggs*, 886 F.2d at 1140.  Although this case has been remanded previously, Plaintiff does not present the type of claims for which the Court can conclude that nothing can be gained from compilation of the record and/or from agency expertise.

Therefore, for the above reasons, the Court finds that Plaintiff has not exhausted her administrative remedies, leaving this Court without jurisdiction.  Plaintiff has not set forth facts sufficient to waive the exhaustion requirement and Defendant's motion to dismiss should be GRANTED.

IT IS SO ORDERED.

Dated:   **May 15, 2007**              **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE